IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DEXTER JEROME CAMPBELL, # K5513**                                              **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO. 4:12CV39-HTW-LRA**

**GEO GROUP, MISSISSIPPI DEPARTMENT
OF CORRECTIONS, CHRISTOPHER
EPPS, GLORIA PERRY, EAST
MISSISSIPPI CORRECTIONAL FACILITY
MEDICAL STAFF, CENTRAL MISSISSIPPI
CORRECTIONAL FACILITY MEDICAL
STAFF, E.L. SPARKMAN, WARDEN
GILISPIE, WARDEN WRIGHT, WARDEN
GRAHAM, WARDEN TERRELL, DR.
MARON, DR. FAULKS, and DONNA
FERGUSON**                                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DISMISSING MDOC

BEFORE THE COURT is *pro se* plaintiff Dexter Jerome Campbell's pleadings. He is incarcerated with the Mississippi Department of Corrections ("MDOC") and brings this action challenging the conditions of his confinement. The court has considered and liberally construed the pleadings. For the reasons set forth below, defendant MDOC is dismissed.

### BACKGROUND

According to the pleadings, Campbell entered Central Mississippi Correctional Facility on May 23, 2011. Later, he was housed at East Mississippi Correctional Facility, where he remains currently. He contends that he has several mental and physical ailments. He alleges a

denial of his prescribed medications and treatments (including orthopedic shoes, an MRI, and prosthetics) at both institutions. He filed this action against MDOC, among others for damages and injunctive relief.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The court has permitted Campbell to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

Campbell sues MDOC for damages and injunctive relief under Section 1983 and the Mississippi Tort Claims Act.

### SECTION 1983

Section 1983 provides:

2

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Title 42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006). Therefore, the Section 1983 claim against MDOC is dismissed.

"Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). "To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). The Court notes that Campbell sues MDOC Commissioner Epps in his official capacity.

MTCA

To the extent MDOC is sued under the Mississippi Tort Claims Act, this claim is likewise dismissed. The Act does not waive the State's Eleventh Amendment immunity "from suit in federal court." Miss. Code Ann. § 11-46-5(4). Therefore, MDOC is dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the Section 1983 claim against Defendant Mississippi Department of Corrections should be and is hereby **DISMISSED WITH PREJUDICE**, and the State law claim against it is **DISMISSED WITHOUT PREJUDICE**.  The case will proceed against the remaining defendants.

**SO ORDERED**, this the 25th day of April, 2012.

        s/ HENRY T. WINGATE  
        UNITED STATES DISTRICT JUDGE