IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DEXTER JEROME CAMPBELL**                          **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 4:12cv39-HTW-LRA**

**GEO GROUP, ET AL**                                **DEFENDANTS**

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

BEFORE the Court is the Motion [48] for a temporary restraining order and injunctive relief for emergency medical attention filed by Dexter Jerome Campbell [hereinafter "Plaintiff" or "Campbell"]. The undersigned Magistrate Judge conducted an omnibus hearing in this case on April 24, 2013, and considered Plaintiff's requests that this Court order Defendants to provide immediate specialist care prior to a trial on the merits.

The Court finds that Plaintiff seeks relief that if granted would exceed the 14 day limit of a temporary restraining order; it shall be construed as a request for a preliminary injunction. *See* Fed. R.Civ.P. 65(b); *Dixon v. Vanderbilt*, 122 Fed. App'x 694, 695 (5th Cir. 2004). In order to receive a preliminary injunction, the Plaintiff must prove (1) a substantial likelihood of success on the merits of his case; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) the threatened injury caused by the denial of the injunction outweighs any harm that will result if the injunction is issued; and (4) the injunction will not have an adverse affect on the public interest. *Sonnier v. Crain,* 613 F.3d 436, 440-41 (5th Cir. 2010); *Ridgely v. FEMA*, 512 F.3d 727, 734 (5th Cir. 2008); *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001). All of the four requirements must be satisfied; if any one of them is not met, the request for a preliminary injunction must be denied. *Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Furthermore, "[a] preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion.'" *Black Fire Fighters Ass'n v. City of Dallas, Texas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). The granting or denying of a motion for a preliminary injunction rests in the sound discretion of the trial court. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (citing *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984)). "The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits." *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974).

The Magistrate Judge has evaluated Plaintiff's request in accordance with the above stated case law and finds that Plaintiff has failed to carry his burden of persuasion as to the required factors for a preliminary injunction. Plaintiff is receiving medical care by professionals employed by Defendants, even if the care is not by specialists. The Court cannot substitute its judgment for that of Dr. Faulks, or the medical providers, and therefore finds no substantial threat of irreparable injury. Plaintiff is not pleased with his care, but he has not shown that he will be irreparably harmed if this Court does not intervene in his medical care. This Court should not intervene prior to a full consideration of the merits.

This Court will be able to render a meaningful decision without granting a temporary restraining order or a preliminary injunction. Therefore, Plaintiff's motion [48] should be denied. At the trial of this cause, this Court will consider Plaintiff's claims on the merits and fashion a remedy if authorized by the law. It is the recommendation of the undersigned that Plaintiff's motion [48] for a temporary restraining order and injunctive relief be **denied**.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of April 2013.

       S/ Linda R. Anderson
       UNITED STATES MAGISTRATE JUDGE